UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARQUE WEEKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08- CV-101 TS |
| | ) | |
| CHRIS HOFFMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Marque Weeks, a *pro se* prisoner, filed a Complaint [DE 2] under 42 U.S.C. § 1983 against two Fort Wayne Police Department officers, alleging that they violated his Fourth Amendment rights when they used excessive force. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

**A.    Standard of Review**

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's

> allegations of intent than what would satisfy Rule 8's notice pleading minimum
> and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, —, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp.*, 127 S. Ct. at 1964–65 (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted)).

**B.     Analysis**

In his Complaint, the Plaintiff alleges he was the victim of an "illegal search and seizure" and physical assault by several officers in the Fort Wayne Police Department's gang unit. He specifically names two officers: Chris Hoffman and Nicholas Lichtsinn. [Pro Se Complaint, DE 1 at 2–3]. He alleges that the incident took place on March 6, 2008, at about 10:30 p.m. at a Marathon Gas Station in Fort Wayne, Indiana. Weeks's declaration that his "only crime was driving without a license plate light," implies a routine traffic stop precipitated the events about which he complains. He contends:

> My 4th Amendment rights were violated by the Fort Wayne Police Department Gang Unit. I was the victim of an illegal search and seizure. I was also assaulted and humiliated in public. I was tased numerous times. This attack was perpetrated by Chris Hoffman[1] FWPD # 17232 and several other officers employed by the Fort Wayne Police Department. As a result of the excessive use of force I was left in need of immediate medical attention.

[DE 1 at 3].

Because the Plaintiff alleges he needed "immediate attention" and endured "pain and suffering" it is reasonable to infer that his claim is that he was injured when officers tased him, and that the use of the taser amounted to unreasonable force in light of the "crime" he committed.[2] He also contends that his vehicle was illegally searched during this same incident. Accordingly, the Plaintiff has alleged that he was deprived of his Fourth Amendment rights by persons acting

---

[1]  Weeks claims Nicholas Lichtsinn "assisted" Hoffman. [Supplement to Pro Se Complaint, DE 5 at 2]. I his Supplement, he also asserts that the officers unlawfully searched his car.

[2]  Although injury is a relevant factor in determining whether an officer used excessive force, an excessive force claim does not require any particular degree of injury. *See Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 687 (7th Cir.2007) ("That [a plaintiff's] injuries may have been minor does not militate against a finding of excessive force."); *McNair v. Coffey*, 279 F.3d 463, 468 (7th Cir. 2002) (Cudahy, J., concurring) ("Physical injury is not a necessary element of a claim for excessive force."); *Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 471 n. 3 (7th Cir.1997); *Rambo v. Daley*, 68 F.3d 203, 207 (7th Cir.1995); *Meyer v. Robinson*, 992 F.2d 734, 738 (7th Cir.1993); *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir.1988).

under color of state law. He has alleged sufficient facts to provide fair notice of the nature of his claims and the grounds on which they rest.

Therefore, the Court:

(1) **GRANTS** Marque Weeks leave to proceed against Defendants Chris Hoffman and Nicholas Lichtsinn in their individual capacities for monetary damages on his Fourth Amendment claims for alleged excessive force during an unlawful search and seizure;

(2) **DISMISSES** any other claims;

(3) **DIRECTS** the Clerk of the Court to transmit the summonses and USM-285s for Chris Hoffman and Nicholas Lichtsinn to the United States Marshals Service along with a copy of this order and a copy of the Complaint [DE 1] and Supplement to the Complaint [DE 5] ;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Chris Hoffman and Nicholas Lichtsinn; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Chris Hoffman and Nicholas Lichtsinn respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, to the Plaintiff's Complaint and Supplement.

SO ORDERED on October 31, 2008.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT